## FRED LEE v. COMMONWEALTH.

**Betting on Elections — Indictment.**

"It is not a penal offense under any statute to bet that a certain individual will not be elected to a certain office at a certain election, unless he be a candidate for that office, or is voted for to fill it, or is intended or expected to be voted for, or is expected to be a candidate for it."

**Instructions.**

Where the averments of an indictment are not supported by the evidence the court should instruct for defendant.

**Same.**

An instruction that "if the jury believe from the testimony, beyond a reasonable doubt, that the defendant agreed to give Carter a cow in the event of Morrow's election, and said Carter was to give defendant a cow in the event of Ingram's election, and such election was held, they should find defendant guilty of betting on the election, unless the jury should believe the bet was withdrawn or annulled before the election." *Held* to be erroneous.

### APPEAL FROM PULASKI CIRCUIT COURT.

June 8, 1866.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The proper and essential averments are made in the indictment, that there was a pending election for State senator, and that Morrow was a candidate for said office, and that appellant bet a cow worth $20 that said Morrow would not be elected, and by promising to give to McCarter a cow if said Morrow was elected.

We think that this is but one of the many forms to evade the statute against betting on elections, and comes fully within the letter and spirit of the enactment, as said by this court in Commonwealth v. Strouse, 16 B. Mon. 328.

But, as also said in that case, "it is not a penal offense, under any statute, to bet that a certain individual will not be elected to a certain office at a certain election, unless he be a candidate for that office, or is voted for to fill it, or is intended or expected to be voted for, or is expected to be a candidate for it."

The essential averment that Morrow was a candidate for State senator is totally unsupported by the evidence; even with the

utmost liberality of construction, it does not show that he was either a candidate, expected to be, or that any one expected to vote for him, or did vote for him for said office.

The court, therefore, should have instructed the jury, as asked for by the defendant in the first instruction refused, " to find for the defendant because the facts proven do not constitute a bet or wager within the meaning of the law," and should have refused the instruction granted at the instance of the Commonwealth, that " If the jury believe from the testimony, beyond a reasonable doubt, that defendant agreed to give William Carter a cow in the event of Morrow's election, and said Carter was to give defendant a cow in the event of Ingram's election, and such election was held, they should find defendant guilty of betting on the election unless the jury should believe the bet was withdrawn or annulled before the election."

Wherefore, the judgment is reversed, with directions for further proceedings.